IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| BRYAN C. ENRIGHT,<br>    Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | No. 11cv2 EJM<br><br>ORDER |

Plaintiff seeks judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. Briefing concluded on August 9, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of November 1, 2006, plaintiff alleges disability due to multiple impairments. He asserts the Administrative Law Judge (ALJ) erred in failing to properly evaluate the effects of his substance abuse on his ability to work. Specifically, on brief he urges that the ALJ (1) appeared to incorrectly assume any current substance abuse was automatically disqualifying, (2) believed there was a correlation between plaintiff's substance abuse and his hallucinations and delusions despite compelling contrary medical evidence, (3) erred in his evaluation of the opinions of two social workers, (4) failed to consider plaintiff's improved functioning in light of his placement in a structured environment, and finally, (5) failed to recognize that plaintiff's hallucinations and delusions are attributable to

his history of non-compliance with medication associated with his schizoaffective disorder, and consequently the non-compliance cannot disqualify him from benefits. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include schizoaffective disorder versus undifferentiated schizophrenia, alcohol dependence, marijuana dependence, and obesity. When considering all of plaintiff's impairments, including substance use, the ALJ found that plaintiff is under a disability. The ALJ further found that plaintiff's substance abuse disorder was a contributing factor material to the determination of disability.

Upon review, it appears the ALJ applied the appropriate legal standards regarding evaluation of substance abuse disorders, and for the reasons set forth in his decision, permissibly found that plaintiff would not be disabled if he stopped substance abuse. In so doing, the ALJ permissibly considered additional limitations present when plaintiff actively engaged in substance abuse, as compared to his limitations when abstaining from substance abuse, considered

those differential limitations in the context of different structured environments, and permissibly found plaintiff's substance abuse disorder to be a contributing factor material to the determination of disability. T. 15-22. Additionally, it is the court's view that the ALJ properly considered the opinions of social workers Graham-Mineart and Johnson, including noting their observations pertained to a period when plaintiff was actively engaging in substance abuse, and noncompliant at times with medication. T. 20. Finally, as to plaintiff's assertion regarding noncompliance with medication, it is the court's view that while the ALJ properly discussed periodic noncompliance with medications, the basis for the ALJ's decision was that substance abuse disorder was a contributing factor material to the determination of disability as set forth in his decision, and not non-compliance with remedial treatment without good reason.

Upon the foregoing, and without minimizing the seriousness of plaintiff's impairment, the court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

December 16, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT